UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                    :

ZONG LAU and HUI LAU,                     :

               Plaintiffs,        :

                                      :

          -v-                   :       23 Civ. 1385 (JPC) (GWG)

                                      :

FAY SERVICING, LLC and CALIBER HOME LOANS, :     OPINION AND ORDER
INC.,                                  :    ADOPTING REPORT AND
                                    :     RECOMMENDATION
             Defendants.      :

--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiffs Zong Lau and Hui Lau commenced this action on February 17, 2023, bringing claims against several defendants stemming from the foreclosure of an apartment formerly belonging to their late father, Jsang Kei Lau.  Dkt. 1.  Plaintiffs then filed their First Amended Complaint on March 17, 2023.  Dkt. 22.

      On June 28, 2024, this Court adopted a Report and Recommendation, issued on September 20, 2023, by the Honorable Gabriel W. Gorenstein, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions.  *Lau v. Specialized Loan Servicing, LLC*, No. 23 Civ. 1385 (JPC) (GWG), 2024 WL 3219810 (S.D.N.Y. June 28, 2024).  In its Opinion and Order adopting the Report and Recommendation, the Court dismissed Plaintiffs' First Amended Complaint in its entirety, but allowed Plaintiffs to replead Count Two, which was brought pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and its implementing procedures under Regulation X, 12 C.F.R. §§ 1024.1 *et seq.*, insofar as Plaintiffs sought to hold Defendants Fay Servicing, LLC ("Fay") and Caliber Home Loans, Inc. ("Caliber") liable for failing to provide notice of the mortgage servicing

transfer.  *Lau*, 2024 WL 3219810, at *7-8, *12.  That Opinion and Order also terminated all Defendants other than Fay and Caliber.  *Id.* at *12.  On August 12, 2024, Plaintiffs filed their Second Amended Complaint, which repleaded their RESPA claim against Fay and Caliber.  Dkt. 98 ("SAC") ¶¶ 59-63.[1]

On September 24, 2024, Fay and Caliber moved to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56.  Dkt. 106.  On February 28, 2025, Judge Gorenstein issued a Report and Recommendation on that motion, recommending that the undersigned dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) with prejudice and without leave to amend.  Dkt. 110 ("R&R").  In relevant part, Judge Gorenstein concluded that Plaintiffs lack "statutory standing" under RESPA, because that statute authorizes only "borrowers" to sue and the Second Amended Complaint contains "no allegations showing that plaintiffs are 'borrowers' under RESPA."  *Id.* at 5-10.  Judge Gorenstein also recommended that Plaintiffs be denied leave to amend because they provided no indication that they could allege additional facts that would cure the statutory standing deficiencies, and because Plaintiffs already had twice amended their complaint.  *Id.* at 10.  Plaintiffs objected to Judge Gorenstein's Report and Recommendation on March 12, 2025, Dkt. 111 ("Objection"), and Caliber responded to Plaintiffs' objection on March 26, 2025, Dkt. 117, which Fay joined later that day, Dkt. 118.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits

---

[1] In their Second Amended Complaint, Plaintiffs also reasserted five claims that the Court previously had dismissed without leave to amend.  *See* SAC ¶¶ 56-58, 64-78.  The Court dismissed those claims on August 15, 2024.  Dkt. 102.

a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). A district court reviews for clear error those parts of a Report and Recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *see Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

Plaintiffs raise only one objection to the Report and Recommendation: Judge Gorenstein improperly concluded that they lack statutory standing to sue under RESPA because Fay and Caliber had "irrevocably waived [that] defense." Objection at 2. Plaintiffs argue that the failure of those Defendants "to raise the [statutory] standing defense in a prior Motion to Dismiss" the First Amended Complaint operates as an irrevocable waiver of such a "[s]ubstantive defense[]." *Id.* at 3. Plaintiffs made this same argument before Judge Gorenstein. In rejecting that argument in the Report and Recommendation, Judge Gorenstein explained that "plaintiffs point to no rule that prevents a party from making an argument in support of a motion to dismiss for failure to state a claim when it is otherwise filed properly pursuant to Fed. R. Civ. P. 12(b). On the contrary, case law suggests that the defendants may assert any argument they wish on a motion to dismiss for failure to state a claim notwithstanding the fact that they have already moved to dismiss a now-

superseded complaint on a different theory." R&R at 9 (first citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); then citing *Fasano v. Li*, 47 F.4th 91, 105 (2d Cir. 2022)).

Plaintiffs' objection is unavailing. To be sure, "[a]lthough 'an amended complaint ordinarily supersedes the original, and renders it of no legal effect,' an amended complaint 'does not automatically revive all of the defenses and objections that a defendant has waived in response to the original complaint.'" *Carroll v. Trump*, 88 F.4th 418, 432 (2d Cir. 2023) (quoting *Shields*, 25 F.3d at 1128). But certain possible defenses are automatically revived upon a plaintiff's filing of an amended complaint. To determine whether a defense's availability has been revived after the filing of an amended complaint, the Second Circuit has "repeatedly distinguished between (1) defenses involving 'the core issue of a party's willingness to submit a dispute to judicial resolution, such as lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service, or the existence of an arbitration agreement, which are not automatically revived'; and (2) 'revivable, merits-based defenses.'" *Perez Perez v. Escobar Constr., Inc.*, No. 23-1240-cv, 2024 WL 3594325, at *1 n.1 (2d Cir. July 31, 2024) (summary order) (alteration adopted) (quoting *Carroll*, 88 F.4th at 432-33); *see also Fasano*, 47 F.4th at 105 ("[T]he Rule 12 defenses that are waived by a failure to assert them early are only those 'listed in Rule 12(b)(2)-(5).'" (quoting Fed. R. Civ. P. 12(h)(1))).

Fay and Caliber's argument that Plaintiffs lack statutory standing falls squarely in the second, merits-based category, and thus this defense is revivable upon Plaintiffs' filing of their Second Amended Complaint. "Statutory standing, as distinct from Article III standing, relates to the merits, that is whether a particular plaintiff has a cause of action under the statute." *Do No Harm v. Pfizer Inc.*, 126 F.4th 109, 117 n.5 (2d Cir. 2025) (internal quotation marks omitted). Because Fay and Caliber's argument concerns whether Plaintiffs may sue under RESPA, it does

not implicate a "core issue of a party's willingness to submit a dispute to judicial resolution." *Shields*, 25 F.3d at 1128 (internal quotation marks omitted).  Unlike objections based on "lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service," *id.* (internal quotation marks omitted), a statutory standing defense "'is an effort to achieve judicial resolution of the controversy,'" and thus Second Circuit "precedent 'does not argue for waiver.'" *Perez Perez*, 2024 WL 3594325, at *1 n.1 (quoting *Shields*, 25 F.3d at 1128).  Thus, Fay and Caliber did not irrevocably waive their argument that Plaintiffs lack statutory standing under RESPA by failing to raise it in their prior motion to dismiss the First Amended Complaint. Plaintiffs' objection to the Report and Recommendation accordingly is overruled.

As to the remainder of the Report and Recommendation to which Plaintiffs did not raise any objection—including the recommendation to deny Plaintiffs leave to further amend the Second Amended Complaint—the Court finds no clear error in the record.  Indeed, the Court has conducted *de novo* review of Judge Gorenstein's recommendations and finds them to be well-reasoned and the conclusions well-founded.  Accordingly, the portions of the Report and Recommendation to which Plaintiffs did not object are adopted as well.

The Court therefore overrules Plaintiffs' objection, adopts the Report and Recommendation in its entirety, and dismisses the Second Amended Complaint with prejudice and without leave to amend.  The Clerk of Court is respectfully directed to enter judgment in favor of all Defendants and to close the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated: August 5, 2025  
      New York, New York

                                       JOHN P. CRONAN  
                                United States District Judge